UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY J. DIXON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-02322-JSW<br><br>**ORDER OF SERVICE;**<br><br>**DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against prison officials for violating his constitutional rights at San Quentin State Prison. Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the complaint is ordered served on Defendants.

**ANALYSIS**

**A.　STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon

1  which it rests.'"'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff alleges that Defendants knowingly transferred 122 prisoners from the California Institute for Men (CIM), where there was a COVID-19 outbreak, to San Quentin State Prison (SQSP), where there were no COVID-19 cases, on May 30, 2020. He alleges that Defendants failed to test the transferring prisoners at an appropriate time, and failed to quarantine them upon arrival at SQSP, causing a COVID-19 outbreak at SQSP. Plaintiff tested positive for the virus on July 6, 2020. *See* Dkt. No. 1-1 at 21.

Plaintiff names the following Defendants:

1. Ralph Diaz, CDCR Secretary
2. Kathleen Allison, CDCR Director
3. Ron Davis, SQSP Warden
4. Ronald Broomfield, SQSP Warden
5. A. Pachynski, SQSP Chief Medical Officer
6. J. Arnold, SQSP Captain
7. Dean Borders, CIM Warden
8. Dr. Joseph Bink, California Correctional Healthcare Services Director

When liberally construed, Plaintiff's allegations state a cognizable claim for deliberate

2

indifference to his safety, in violation of the Eighth Amendment, against all Defendants.

Plaintiff also claims that the conduct he describes violates Article 1, section 17 of the California Constitution. State and federal courts have recognized that this provision does not provide a private right of action for damages. *See*, *e.g.*, *Quezada v. California*, No. 120CV00959DADSAB, 2021 WL 2417119, at *5 (E.D. Cal. June 14, 2021) (citing *Giraldo v. Dep't of Corr. & Rehab.*, 168 Cal. App. 4th 231, 256 (2008)). Plaintiff's claim under the California Constitution is therefore DISMISSED.

## CONCLUSION

For the reasons set out above,

1. Plaintiff's claim under the California Constitution is DISMISSED. His Eight Amendment claim is, when liberally construed, cognizable.

2. The Court ORDERS that service on the following Defendants shall proceed under the California Department of Corrections and Rehabilitation ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

   1. Ralph Diaz, CDCR Secretary
   2. Kathleen Allison, CDCR Director
   3. Ron Davis, SQSP Warden
   4. Ronald Broomfield, SQSP Warden
   5. A. Pachynski, SQSP Chief Medical Officer
   6. J. Arnold, SQSP Captain
   7. Dean Borders, CIM Warden
   8. Dr. Joseph Bink, California Correctional Healthcare Services Director

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which

defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. All Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

4. This Court will issue a scheduling order for summary judgment or other dispositive motion briefing after resolution of the common issues in the 22-mc-80066-WHO matter. *See* Dkt. No. 5.

5. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely

1 fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
2 pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of
3 address in every pending case every time he is moved to a new facility.

4     7. Any motion for an extension of time must be filed no later than the deadline sought
5 to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that
6 he must include the case name and case number for this case on any document he submits to the
7 Court for consideration in this case.

8     8. Plaintiff's motion for appointment of counsel (Dkt. No. 3) is DENIED.  There is no
9 right to counsel in a civil case, and Plaintiff is able to adequately litigate his claims on his own.

10 This Order terminates Docket No. 3.

11 **IT IS SO ORDERED.**

12 Dated: August 4, 2022

_____
JEFFREY S. WHITE
United States District Judge